IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kimmie Heaton, | ) | Civil Action No. 2:19-cv-00540-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director Bryan Sterling, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 40) recommending the Court grant Defendants Julie Johnson and Patricia Carney's separate motions to dismiss (Dkt. Nos. 20; 24.) For the reasons set forth below, the Court adopts the R & R and the Defendants' motions to dismiss are granted.

**I.   Background**

This action was filed by the Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983 alleging she suffered an unnecessary hysterectomy on or about mid-2004 at Palmetto Health Hospital in South Carolina. (Dkt. No. 15.) Service was authorized on Defendants by order dated April 22, 2019. (Dkt. No. 16.) On May 9, 2019, the summons for Defendant Julie Johnson was returned and executed with her address listed in Dunwoody, Georgia. (Dkt. No. 18.) On May 16, 2019, the summons for Patricia Carney was returned listing her address in Hanover, New Hampshire. (Dkt. No 19.) On May 24, 2019 and June 7, 2019, Defendants Julie Johnson and Patricia Carney filed separate motions to dismiss. (Dkt. Nos. 20; 24.) In their motions, these individuals state that they were improperly identified as Defendants in this action. They also filed accompanying affidavits stating such.

1

Defendant Carney asserts that she is a Professor of Family Medicine and Health Systems and Policy at the Oregon Health & Science University in Portland, Oregon. (Dkt. No. 24-1 at 2.) In addition, she avers that the has never been licensed to practice medicine in the United States, especially in South Carolina. (*Id.*) Defendant Johnson asserts that she is a medical doctor practicing in Atlanta, Georgia and that she has never practiced any type of medicine in South Carolina. (Dkt. No. 21-1 at 1.) Defendants additionally assert that Plaintiff's claims are barred by the statute of limitations. (Dkt. Nos. 21 at 8; 24 at 8–9.) Plaintiff filed responses to Defendants' motions to dismiss arguing that the statute of limitations has not expired on her claims. (Dkt. Nos. 28; 35.) Subsequently, Plaintiff wrote a letter to the United States Marshal, stating that she located the correct identifying information for Patricia Carney and Julie Johnson on the website for the South Carolina Board of Medical Examiners. (Dkt. No. 36.) Plaintiff requested that the U.S. Marshal serve these individuals at the appropriate addresses as listed on the website. (*Id.*) Plaintiff also requested for service to be completed as to John Doe because service was returned unexecuted on June 25, 2019. (Dkt. No. 34.) On July 9, 2019, the Magistrate Judge filed an R & R and Order (Dkt. No. 40) recommending the Court grant Defendants' motions to dismiss as to the wrongly named Defendants with instructions to attempt service on the correct individuals. (Dkt. Nos. 20; 24.) Plaintiff has not filed objections to the R & R.

## II.  Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R to which Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections,

2

"a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff did not file objections, and the R & R is reviewed for clear error.

### III. Discussion

After a review of the record, this Court finds that the Magistrate Judge ably addressed the issues raised and appropriately granted Defendants' motions to dismiss with instructions to attempt service on Julie Johnson, Patricia Carney, and John Doe. The Magistrate Judge correctly identified that the individuals orginally served, Julie Johnson of Georgia and Patricia Carney of New Hampshire, were not intended named Defendants as conceded by Plaintiff. (Dkt. No. 36.) The Magistrate Judge correctly ordered the Clerk of Court to issue a summons for Defendants Julie Johnson, Patricia Carney, and John Doe to the following addresses:

Julie Johnson
Palmetto Health Richland
2 Medical Park Rd., Ste. 208
Columbia, SC 29203-6839

Patricia Carney
University Specialty Clinic
2 Medical Park Rd., #208
Columbia, SC 29203-6839

John Doe
Director/Supervisor of OBGYN Services
5 Richland Medical Park
Columbia, SC 29203

On July 9, 2019 service was authorized for the Defendants at the addresses listed above. (Dkt. No. 41.) As such, this Court adopts the R & R of the Magistrate Judge to grant Defendants' motions to dismiss.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 40) as the Order of the Court. The claims against Defendant Julie Johnson of Georgia and Patricia Carney of New Hampshire are **DISMISSED WITHOUT PREJUDICE** with instruction to keep Julie Johnson and Patricia Carney in this action so the correct individuals may be served.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July  29  , 2019
Charleston, South Carolina

4