IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Kimmie Heaton,** | ) | Civil Case No. 2:19-cv-00540-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **AND ORDER** |
| **Brian Stirling et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This action has been filed by the Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983, alleging she suffered an unnecessary hysterectomy in 2004 at Palmetto Health Hospital in South Carolina while she was incarcerated in the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 15 at 9.) Currently before the Court is Defendant Dr. Sharon Eden's ("Dr. Eden") initial Motion to Dismiss (Dkt. No. 47), her renewed Motion to Dismiss (Dkt. No. 77), and Plaintiff's Motion to Appoint an Expert. (Dkt. No. 90). Defendant Dr. Sharon Eden was previously identified as John Doe by Plaintiff. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. As discussed further below, the undersigned denies Plaintiff's Motion to Appoint and Expert and recommends Dr. Eden's Motions to Dismiss be granted in part and denied in part.

## BACKGROUND

This action arises from an alleged unnecessary hysterectomy that Plaintiff underwent in 2004. (Dkt. No. 15 at 9.) Specifically, the Complaint alleges

1

> On or about mid-2004, Plaintiff was referred to Camille Graham Correctional Gynecology Clinic as a result of abdominal pain and/or excessive bleeding. Plaintiff saw Patricia Carney, M.D., in October of 2004. Plaintiff was informed and believes that Defendant Carney was under contract with Defendant Stirling and SCDC, by and through her employment with Palmetto Health Hospital. Defendant Carney performed an[] examination on the Plaintiff and informed her that she had endometriosis and recommended a total hysterectomy. After executing all of the appropriate paperwork, Plaintiff underwent a complete and total hysterectomy in December of 2004. In June, 2018, the Plaintiff obtained her medical records. During an extensive examination of those records, Plaintiff discovered that she had been unnecessarily sterilized and that she had not had endometriosis or any other debilitating illness which required a blatant, intrusive, major medical procedure such as a wrongful sterilization. As a result of the wrongful sterilization, Plaintiff has suffered and will continue to suffer for the remainder of her lifetime with issues relating to hormonal, estrogen, and other medical problems. The injuries and damages are permanent in nature and cannot be repaired.

(*Id.*)

Defendant Dr. Eden is one of the many named Defendants in this action. Plaintiff also brings claims against various SCDC employees as well as other employees of Palmetto Health. The Complaint alleges that Defendant Dr. Eden was, "at the time of the improper surgery in this case, acting as the supervisor in charge of gynecological surgery at Palmetto Health Hospital." (*Id.*) The Complaint alleges that Dr. Eden, *inter alia*, allowed "a complete unnecessary sterilization of Plaintiff when no current diagnostic tests were performed to determine necessity of sterilization"; "knew the extensive danger that complete sterilization would impose upon a 27 year old female, with no children"; and failed "to warn Plaintiff that a permanently disabling surgery was going to be performed upon her without medical evidence of its necessity, so that she could make an informed decision as to whether she wanted to undergo the surgery." (*Id.* at 23–24.) The Complaint alleges claims under the Fourteenth Amendment, the Eighth Amendment, and S.C. Code Ann. § 15-78-60, as well as claims for "deliberate indifference," and "gross negligence." (*Id.* at 7.)

Plaintiff filed this action on February 22, 2019. (Dkt. No. 1.) On August 27, 2019, a Motion to Dismiss was filed on behalf of John Doe, asserting, *inter alia*, lack of proper service. (Dkt. No. 47.) On October 2, 2019, defense counsel communicated with the Court that "it appears John Doe is Dr. Sharon Eden" and provided Dr. Eden's last known address. The Court directed that service be attempted on Dr. Eden and held in abeyance the Motion to Dismiss until after service was attempted. (Dkt. No. 63.) Defendant Dr. Eden has now been properly served (Dkt. No. 75), and she has filed a renewed Motion to Dismiss (Dkt. No. 77). In her motion, Dr. Eden relies on the previous memorandum of law and affidavit she filed with the Court as the basis for dismissal. (Dkt. Nos. 47; 76; 77.) On December 17, 2019, Plaintiff filed a Motion to Appoint an Expert, asking the Court to appoint an expert "for an expert-based affidavit and/or testimony." (Dkt. No. 90.) The motions have been fully briefed and are ripe for review.

## **DISCUSSION**

Dr. Eden argues for dismissal on the basis that: (1) Plaintiff failed to file a notice of intent with an expert affidavit in support of her alleged medical malpractice claim; (2) Plaintiff has failed to sufficiently allege any claims under 42 U.S.C. § 1983; and (3) any claims alleged by Plaintiff are barred by the applicable statute of limitations and statute of repose. The undersigned considers the claims alleged by Plaintiff, below.

### A.    **Medical Malpractice Claim**

Dr. Eden asserts that Plaintiff's claim for medical malpractice fails because she has not provided the requisite expert affidavit and because the claim is barred by the applicable statute of repose. (Dkt. Nos. 47; 77.) South Carolina law requires plaintiffs asserting medical malpractice claims to file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim." S.C. Code §

3

15-36-100; *see also* S.C. Code § 25-79-125(A). Complaints without the required affidavit must be dismissed. S.C. Code § 15-36-100(C)(1). "Multiple judges within this district . . . have held . . . Section 15-36-100 [is] part of the substantive law of South Carolina and, consequently, appl[ies] to actions filed in federal court." *Grant v. United States*, Case No. 3:17-cv-0377-CMC, 2017 WL 2265956, at *9 (D.S.C. May 24, 2017).

Here, there is no dispute that Plaintiff did not file an expert affidavit with her Complaint, nor has she filed such an affidavit while the instant action has been pending. Rather, Plaintiff has filed a Motion to Appoint an Expert—she asks that the Court appoint an expert "for an expert-based affidavit and/or testimony." (Dkt. No. 90.) However, "[t]he court does not appoint experts for plaintiffs in civil cases," and there are no compelling circumstances such that the Court would otherwise appoint an expert here. *Ford v. Ozmint*, No. CA 1:13-1618-JFA-SVH, 2014 WL 1093106, at *3 (D.S.C. Mar. 18, 2014) (denying *pro se* plaintiff's request to appoint an expert to support medical malpractice claim) (citing *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding)); *Sanchez-Angeles v. United States*, No. CIVA 7:07-CV-00596, 2008 WL 2704309, at *6 (W.D. Va. July 10, 2008) ("[A] district court should appoint an expert to aid an indigent party only in 'compelling circumstances.'"), *aff'd*, 318 F. App'x 166 (4th Cir. 2009).

Thus, Plaintiff's Motion to Appoint an Expert (Dkt. No. 90) is denied, and her medical malpractice claim must be dismissed because Plaintiff has not provided the required affidavit of an expert witness,.[1] *See, e.g.*, *Craig v. United States*, Case No. 216-cv-03737-TMC-MGB, 2017

---

[1] A dismissal for failure to comply with S.C. Code 15-36-100 is without prejudice. *See Rodgers v. Glenn*, 2017 WL 1051011 (D.S.C. Mar. 20, 2017) (citing *Rotureau v. Chaplin*, No. 2:09-1388-DCN, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009)).

4

WL 6452412, at *3 (D.S.C. Nov. 6, 2017), (dismissing medical malpractice claim because plaintiff "has not filed an affidavit of an expert witness"), *adopted by*, 2017 WL 6408968 (D.S.C. Dec. 15, 2017); *Gamez-Gonzalez v. United States*, Case No. 4:14-2668-JMC-TER, 2017 WL 3084488, at *3 (D.S.C. May 17, 2017) (dismissing medical malpractice claim "because it has no supporting affidavit"), *adopted by*, 2017 WL 3067974 (D.S.C. July 19, 2017).

Moreover, even if Plaintiff could provide the requisite affidavit, this claim would still be barred by the six-year statute of repose set forth in S.C. Code Ann. § 15-3-545(A). More specifically, § 15–3–545 provides that an action for medical malpractice must be commenced within "six years from date of occurrence, or as tolled by this section." The South Carolina Supreme Court has found that this six-year period "constitutes an outer limit beyond which a medical malpractice claim is barred, regardless of whether it has or should have been discovered." *Hoffman v. Powell*, 380 S.E.2d 821, 821 (S.C. 1989). Subsection (D) of 15–3–545 provides a limited tolling provision, applicable only to minors.

Here, Plaintiff filed this action on February 22, 2019, almost fifteen years after the hysterectomy at issue. (Dkt. No. 15 at 9.) She was not a minor at the time of the surgery, and therefore, the tolling provision in § 15-3-545(D) does not apply. Accordingly, Plaintiff's medical malpractice claim is barred by the six-year statute of repose. *See Langley v. Pierce*, 438 S.E.2d 242, 243 (S.C. 1993) (finding equitable tolling of a statute of repose for medical malpractice suits is not available, even though the court has previously upheld tolling in similar situations involving statutes of limitations).

**B.     42 U.S.C. § 1983 Claims**

Dr. Eden next disputes that the Amended Complaint sufficiently alleges any claims under 42 U.S.C. § 1983. She argues that, regardless, any such claims are barred under the applicable

5

statute of limitations. Here, the Amended Complaint alleges that Dr. Eden, *inter alia*,: (1) allowed "a complete unnecessary sterilization of Plaintiff when no current diagnostic tests were performed to determine necessity of sterilization"; (2) "falsif[ied] reports and documentation about Plaintiff's condition to arbitrarily impose a life altering procedure; (3) "act[ed] in a deliberate, indifferent manner towards Plaintiff, who is a vulnerable person"; and (4) "fail[ed] to institute regulations and/or procedures which would require employees of this Defendant's contracted medical services to confirm, either by separate opinion or through records, that any life altering procedures performed on vulnerable persons, such as Plaintiff, is absolutely necessary." (Dkt. No. 15 at 23.)

Given these allegations and the severity of the injury alleged (an unnecessary hysterectomy), the undersigned recommends that, at the dismissal stage, Plaintiff has sufficiently alleged claims against Dr. Eden for deliberate indifference and for violation of Plaintiff's constitutional right to procreation under § 1983.[2] *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) ("To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."); *M.C. v. Aaronson*, No. 2:13-

---

[2] Here, the undersigned recognizes that Defendant has submitted an affidavit with her Motion to Dismiss, averring that she had no personal involvement in Plaintiff's medical care, diagnosis, or treatment. (Dkt. No. 76-1.) It appears this affidavit is offered in support of Dr. Eden's arguments for dismissal under Rule 12(b)(6), Fed. R. Civ. P. Accordingly, consideration of this evidence would convert the instant Motion to Dismiss to one for summary judgment. Given that the Court has not yet entered a scheduling order and Plaintiff has not had an opportunity to undertake any discovery, the Court will not consider the affidavit at this time. *See*, *e.g.*, *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) ("In resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment."); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) ("Generally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"); *Zavolta v. Henderson*, No. 5:11-cv-55, 2011 WL 1790492, at *2 (N.D.W. Va. May 10, 2011) ("Affidavits are documents outside the pleadings and this Court must convert the motion to dismiss to a motion for summary judgment if it is to consider the plaintiffs' affidavits.") (citing Fed. R. Civ. P. 12(d)).

cv-01303-DCN, 2013 WL 11521881, at *5 (D.S.C. Aug. 29, 2013) (denying motion to dismiss claim that "defendants violated [plaintiff's] clearly established constitutional right to procreation" where plaintiff alleged that defendants "removed [plaintiff's] male reproductive ability" in performing sex reassignment surgery), *rev'd and remanded sub nom. M.C. ex rel. Crawford v. Amrhein*, 598 F. App'x 143 (4th Cir. 2015) (reversed on grounds that defendants were entitled to qualified immunity because "reasonable officials in 2006 did not have fair warning that they were violating [plaintiff's] clearly established rights by not seeking a hearing before performing, or consenting to, the sex assignment surgery").

Moreover, the undersigned cannot find that the applicable statute of limitations bars these § 1983 claims at this stage in the proceedings. There is no statute of limitations for actions under § 1983, but it is well settled that the limitations period for § 1983 claims is determined by the analogous state law statute of limitations for a personal injury claim. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In South Carolina, the general statute of limitations for personal injury claims is codified in S.C. Code Ann. § 15–3–530(5), which provides that the statute of limitations is three years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law." Accordingly, the applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); *Ward v. Parole, Probation, and Pardon Bd.*, 2007 WL 3377163 (D.S.C. 2007); *Rowe v. Hill*, 2007 WL 1232140 (D.S.C. 2007); *Huffman v. Tuten*, 446 F. Supp. 2d 455 (D.S.C. 2006). This statute of limitations is informed by the "discovery rule," wherein "the statute of limitations [only] begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." *True v. Monteith*, 489 S.E.2d 615, 616 (S.C. 1997); *see also Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 955 (4th

7

Cir. 1995) ("Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.").

Here, Plaintiff filed this action on February 22, 2019. (Dkt. No. 1.) The hysterectomy at issue occurred in December of 2004. (Dkt. No. 15 at 9.) Almost fifteen years passed before Plaintiff filed this action. Plaintiff alleges she obtained her medical records in June of 2018 and only thereafter "discovered that she had been unnecessarily sterilized." (*Id*.) In a grievance submitted with her Amended Complaint, Plaintiff states, "I had to request my medical records from Palmetto Health. I did this when I was questioned by the Nurse Practitioner at Camille as to why I had been on the hormone therapy for so long and she couldn't find anything in my records as to why. This [led] to me finding out I had been sterilized by SCDC unnecessarily." (*Id*. at 29.) Also, in her response to Dr. Eden's Motion to Dismiss, Plaintiff alleges that "Defendants hid and covered up this assault from the Plaintiff." (Dkt. No. 91 at 5.) She further alleges that she "solely relied on SCDC and its agents to maintain her safety and the accuracy of her medical file." (*Id*. at 2.)

Based on the foregoing, it appears that the discovery rule may be an issue—Plaintiff essentially argues the statute of limitations did not begin to run until she obtained her medical records from Palmetto Health in June of 2018, approximately six months before she filed this lawsuit. Accordingly, the undersigned cannot hold as a matter of law that Plaintiff's § 1983 claims are barred by the statute of limitations. *See Isioye v. Coastal Carolina Univ.*, No. 4:17-cv-3484-RBH-TER, 2018 WL 6682795, at *4 (D.S.C. Nov. 30, 2018) ("Only when all the facts necessary for a statute of limitations defense 'clearly appear on the face of the complaint' can the court grant a motion to dismiss on that basis" (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)), *adopted by*, 2018 WL 6676296 (D.S.C. Dec. 19, 2018).

Accordingly, dismissal is not appropriate on Plaintiff's § 1983 claims for deliberate indifference and for violation of Plaintiff's constitutional right to procreation.

## CONCLUSION

For the foregoing reasons, the undersigned recommends GRANTING IN PART and DENYING IN PART the Motions to Dismiss (Dkt. Nos. 47; 77). Plaintiff's medical malpractice claim should be dismissed with prejudice because it is barred by the applicable statute of repose; or, in the alternative, this claim should be dismissed without prejudice because Plaintiff has not provided the required affidavit of an expert witness. Plaintiff's § 1983 claims for deliberate indifference and for violation of Plaintiff's constitutional right to procreation should proceed.

IT IS SO RECOMMENDED.

The undersigned DENIES Plaintiff's Motion to Appoint Expert. (Dkt. No. 90.)

IT IS SO ORDERED.

January 9, 2020

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).