# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| Kimmie Heaton, | ) | Civil Action No. 2:19-0540-RMG |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Brian Stirling, *et al.*, | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 60) that Defendant Patricia Carney's motion to dismiss the amended complaint (Dkt. No. 51) be granted. For the reasons set forth below, the Court declines to adopt the R & R as the order of the Court. Defendant Carney's motion to dismiss is granted in part and denied in part.

## I. Background

Plaintiff Kimmie Heaton is an incarcerated person proceeding *pro se*. She alleges that, while incarcerated by the South Carolina Department of Corrections, she "saw Patricia Carney, M.D., in October of 2004. Plaintiff was informed and believes that Defendant Carney was under contract with Defendant Stirling and SCDC, by and through her employment with Palmetto Health Hospital. Defendant Carney performed an examination on the Plaintiff and informed her that she had endometriosis and recommended a total hysterectomy," which Carney then performed in December 2004. (Dkt. No. 15 at 9, 20.) Plaintiff further alleges that, in June 2018, she obtained her medical records and "discovered that she had been unnecessarily sterilized and that she had not had endometriosis or any other debilitating illness" requiring a hysterectomy. (*Id.* at 9.) Plaintiff initiated this lawsuit in March 2019. Plaintiff brings claims against Carney in her individual and official capacities for violation of Plaintiff's Fourteenth and Eighth

Amendment rights, violation of S.C. Code Annotated § 15-78-60(25), and gross negligence. (*Id.* at 4-5, 7.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court, which has no presumptive weight because the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion to Dismiss

Rule 12(b)(2) permits dismissal of an action for lack of personal jurisdiction. "When a nonresident defendant challenges personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the ultimate burden of proving facts supporting jurisdiction over the defendant by a preponderance of the evidence. *See Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "When the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and allegations in the complaint, a plaintiff need make only a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Id.*

Rule 12(b)(5) allows dismissal when service of process failed to comply with the requirements of Rule 4. Rule 4 governs the service of process upon individuals in the United States and provides that it can be accomplished by either (i) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode, (ii) delivering a copy of the summons and complaint to an agent authorized by appointment or the law to receive service, or (iii) pursuant to the law of the state in which the district court sits. Fed. R. Civ. P. 4(e).

Rule 12(b)(6) permits the dismissal if the Complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 679. The district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. Discussion

#### A. Dismissal for Improper Service

Defendant Carney moves to dismiss all claims on the basis that the Court lacks personal jurisdiction over her because she was not properly served. Plaintiff first attempted service by a

summons issued to a Patricia Carney at an address that Plaintiff provided in Hanover, New Hampshire. That individual moved to dismiss on the basis that she was not the intended defendant because she had never been licensed to practice medicine in any state, which the Court granted. (Dkt. No. 24.) Plaintiff supplied another address for a Patricia Carney at the University Specialty Clinic in Columbia, South Carolina. The summons was issued and returned executed, reflecting that a paralegal named Angela A. Yeadon. (Dkt. No. 50.) The Director of Legal Affairs at University Specialty Clinic submits an affidavit stating that conducted an investigation to determine if a Patricia Carney was employed there and identified that she was employed as a Clinical Assistant Professor of Ob/Gyn from January 1, 2000 through June 3, 2006; (ii) that her last known address was 454 Running Fox West in Columbia, South Carolina; (iii) that her South Carolina medical license appears to have expired in December 2007; (iv) that she is or was recently working for the pharmaceutical company, Bayer; and (v) that she now appears to be living in Canada on Wolfe Island, Ontario. (Dkt. No. 51-3.) In response, Plaintiff asks the Court to require the U.S. Marshal Service to perfect service on the Patricia Carney in Ontario. (Dkt. No. 55.)

The "provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). Noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of the suit and have not been prejudiced by the technical defect in service. *Id.* at 668-69. "[T]he real purpose of service of process is to give notice to the defendant[.]" *Scott v. Md. State Dep't of Labor*, 673 Fed. Appx. 299, 304 (4th Cir. 2016) (unpublished opinion).

The fact that Carney is represented by counsel and moving to dismiss is common sense evidence that she has notice of the claims. The record also indicates that Plaintiff, while

incarcerated, has diligently attempted to prosecute her claims and to effectuate service on Carney. "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished." *Reinhold v. Tisdale*, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007). Carney has made no demonstration that she is prejudiced. *See, e.g., Alexander v. Stirling*, No. 6:19-0215-HMH, 2019 WL 7605892, at *3 (D.S.C. Dec. 6, 2019) (finding no prejudice to defendants where they had notice of claim). And the Court cannot find that service on Carney in Ontario is "unlikely to be accomplished" since no such attempt has been made.

The Magistrate Judge recommends dismissing all claims against Carney for improper service, and the Court declines to adopt that recommendation.

**B.     Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted**

Carney also moves to dismiss the amended complaint in its entirety because the applicable statute of repose, S.C. Code Ann. § 15-3-545(A), has expired.[1]

Section 15-3-545(A) governs "Actions for medical malpractice" and mandates that they must be brought within "six years from the date of occurrence, or as tolled by this section." The "occurrence" is "the time of an alleged negligent treatment, omission, or operation by a medical

---

[1] As noted, the amended complaint alleges multiple claims—two claims brought under § 1983, one claim for violation of the South Carolina Tort Claims Act, and one for "gross negligence." The gross negligence claim is properly construed as a claim for medical malpractice. *See Williams v. Quest Diagnostics, Inc.*, 353 F. Supp. 3d 432, 440 (D.S.C. 2018) ("Medical malpractice is a category of negligence, and, therefore, the distinction between medical malpractice and negligence claims is subtle; there is no rigid analytical line separating the two causes of action."); *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176 (S.C. 2014) ("Rather, differentiating between the two types of claims depends heavily on the facts of each individual case."). Carney makes no mention of the constitutional claims' viability under Rule 12(b)(6). Therefore, the Court does not conduct that analysis here.

professional." *Marshall v. Dodds*, 789 S.E.2d 88, 92 (S.C. Ct. App. 2016).[2] The reference to "this section" provides a limited tolling provision that is applicable only to minors. *Id.* § 15-3-545(D). Unlike a statute of limitations, the statute of repose cannot be equitably tolled because it "creates a substantive right" and "an absolute limit beyond which liability no longer exists and is not tolled for any reason, because to do so would upset the economic balance struck by the legislative body." *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989); *see also In re Building Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig*, MDL No. 8:11-mn-02000-JCM, No. 3:11-cv-2784-JMC, 2013 WL 1316562, at *4, n.2 (D.S.C. Mar. 27, 2013) ("South Carolina Supreme Court has previously found that equitable tolling of a statute of repose for medical malpractice suits was not available, even though the court had previously upheld tolling in similar situations involving statutes of limitations."); *Langley v. Pierce*, 438 S.E.2d 242, 243 (S.C. 1993) ("Inclusion of the phrase, 'or as tolled by this section,' in subsection (A) clearly indicates that the *only* tolling of § 15-3-545(A) intended by the legislature is that contained in subsection (D).").

There is no dispute that Plaintiff initiated this action in 2019, more than six years after the alleged negligent diagnosis and operation in 2004. The Magistrate Judge makes no recommendation as to whether any claims are barred by the statute of repose, and the Court finds that the medical malpractice claim is barred and therefore must be dismissed. Because the medical malpractice claim is barred by the statute of repose, the claim for violation of the South Carolina Tort Claims Act is also subject to dismissal. *See, e.g., Munn v. S.C.D.C.*, 2018 WL 2976739, at *8 (D.S.C. May 3, 2018) ("The Supreme Court subsequently held that because § 15-3-545 applies as an absolute outer limit in *any* medical malpractice action, the six-year statute of

---

[2] This represents a change in South Carolina law, which had previously governed that the claim accrues when the plaintiff discovers the doctor's negligence. *See Johnson v. Pfifer*, 424 S.E.2d 532, 534 (S.C. Ct. Apps. 1992).

repose applies to actions against government entities under the SCTCA."); *Johnny Timpson, by and through his Conservator, Sandra Timpson, and Sandra Timpson in Her Individual Capacity v. McMaster, et al.*, No. 6:16-cv-1174-DCC, 2020 WL 548920, at *8 (D.S.C. Feb. 4, 2020) ("Therefore, the only way Plaintiff[] could have recovered on [her] SCTCA claims . . . was by proving that those defendants were grossly negligent."); *Kerr v. Richland Mem. Hosp.*, 678 S.E.2d 809, 810 (S.C. 2009) ("To permit this medical malpractice action to proceed beyond the statute of repose would be to disregard the Tort Claims Act[.]").

### IV. Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the R & R (Dkt. No. 60) as the order of the Court. Defendant Patricia Carney's motion to dismiss the amended complaint (Dkt. No. 51) is **GRANTED IN PART and DENIED IN PART**. The claims for medical malpractice and violation of the South Carolina Tort Claims Act are dismissed as to Carney. The claims brought under 42 U.S.C. § 1983 are not dismissed as to Carney. This matter is referred to the Magistrate Judge for further pre-trial proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 13, 2020
Charleston, South Carolina