IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Kimmie Heaton, | ) | Civil Action No. 2:19-0540-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Brian Stirling, *et al.*, | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 103) that the motion to dismiss brought by Dr. Julie Johnson and Dr. Sharon Eden[1] ("Defendants") (Dkt. No. 47) and the renewed motion to dismiss brought by Dr. Eden (Dkt. No. 77) be granted in part and denied in part.[2] For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the order of the Court.

I. **Background**

Plaintiff Kimmie Heaton is an incarcerated person proceeding *pro se*. She alleges that in mid-2004, while incarcerated by the South Carolina Department of Corrections, Defendant Dr. Patricia Carney diagnosed her with endometriosis and performed a total hysterectomy in December 2004. (Dkt. No. 15 at 9, 20.) As to Dr. Johnson, Plaintiff alleges that she negligently (i) failed to have diagnostics conducted before "performing" the surgery; (ii) failed to close the operation site after seeing Plaintiff's "organs were 'normal'"; (iii) failed to give Plaintiff the option before removing her organs or to (iv) inform her of the actual findings from the surgery;

---

[1] Dr. Eden is styled in the amended complaint as John Doe.

[2] The Magistrate Judge refers to the motion and renewed motion as each brought by Dr. Eden. The motion is brought by both Dr. Eden and Dr. Johnson; the renewed motion is styled as "on behalf of Dr. Eden."

and (v) failed to require an extensive review of Plaintiff's medical records before permitting Plaintiff to undergo the surgery. (*Id.* at 19-20.) As to Dr. Eden, Plaintiff alleges that she was the "supervisor in charge of gynecological surgery at Palmetto Health Hospital" and negligently (i) allowed the unnecessary sterilization without diagnostic tests, (ii) falsified reports and documentations about Plaintiff's condition; (iii) failed to recommend an alternative treatment; (iv) failed to institute regulations and/or procedures that would require employees of Eden's contracted medical services to confirm that a life altering procedure is necessary; (v) failed to require an extensive review of Plaintiff's prior medical records; (vi) failed to stop the surgery when she knew or should have known that it would permanently damage Plaintiff; (vii) failed to warn or inform Plaintiff that a permanently damaging surgery was going to be performed; and (viii) failed to properly obtain Plaintiff's medical records before the surgery. (*Id.* at 6, 23-24.)

Plaintiff alleges that she obtained her medical records in June 2018 and "discovered that she had been unnecessarily sterilized and that she had not had endometriosis or any other debilitating illness" requiring a hysterectomy. (*Id.* at 9.) Plaintiff initiated this lawsuit in March 2019. Plaintiff brings claims against Dr. Johnson and Dr. Eden in their individual and official capacities for violation of Plaintiff's Fourteenth and Eighth Amendment rights, violation of S.C. Code Annotated § 15-78-60(25), and gross negligence. (*Id.* at 4-5, 7.) The allegations of gross negligence as to Dr. Johnson and Dr. Eden are properly construed as a claim for medical malpractice.[3]

---

[3] Plaintiff contends that "[w]hile a portion of Plaintiff's allegations against these defendants may sound like medical malpractice in nature, they are merely stating the facts of this case." (Dkt. No. 54 at 6.)

In South Carolina, medical malpractice is "doing that which the reasonably prudent health care provider or health care institution would not do or not doing that which the reasonably prudent health care provider or health care institution would do in the same or similar circumstances." S.C. Code Ann. § 15-79-110(6). "Medical malpractice is a category of negligence, and, therefore, 'the distinction between medical malpractice and negligence claims is subtle; there is

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court, which has no presumptive weight because the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion to Dismiss

Defendants Johnson and Eden move to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(2) permits dismissal of an action for lack of personal jurisdiction. "When a nonresident defendant challenges personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the ultimate burden of proving facts supporting jurisdiction over the defendant by a preponderance of the evidence. *See Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "When the court addresses the personal jurisdiction question by reviewing

---

no rigid analytical line separating the two causes of action.'" *Williams v. Quest Diagnostics, Inc.*, 353 F. Supp. 3d 432, 440 (D.S.C. 2018) (quoting *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176 (S.C. 2014)). "Rather, differentiating between the two types of claims depends heavily on the facts of each individual case." *Dawkins*, 408 S.C. at 176. The facts of this case indicate that the claim styled as "gross negligence" is properly construed as a medical malpractice claim.

only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and allegations in the complaint, a plaintiff need make only a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Id.* Rule 12(b)(4) allows dismissal for insufficient process and Rule 12(b)(5) allows dismissal when service of process failed to comply with the requirements of Rule 4. Rule 4 governs the service of process upon individuals in the United States and provides that it can be accomplished by either (i) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode, (ii) delivering a copy of the summons and complaint to an agent authorized by appointment or the law to receive service, or (iii) pursuant to the law of the state in which the district court sits. Fed. R. Civ. P. 4(e).

Rule 12(b)(6) permits the dismissal if the Complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 679. The district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. Discussion

#### A. Dismissal of Complaint for Improper Service

Dr. Johnson and Dr. Eden first argue that the complaint in its entirety should be dismissed for improper service. The "provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). Noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of the suit and have not been prejudiced by the technical defect in service. *Id.* at 668-69. "[T]he real purpose of service of process is to give notice to the defendant[.]" *Scott v. Md. State Dep't of Labor*, 673 Fed. Appx. 299, 304 (4th Cir. 2016) (unpublished opinion). The record here indicates that Plaintiff, while incarcerated, diligently attempted to prosecute her claims and serve Dr. Johnson and Dr. Eden.[4] It is reasonable to find that Dr. Johnson was aware of the claims in early May 2019, less than eight weeks after Plaintiff filed the amended complaint. *See, e.g.*, *Alexander v. Stirling*, No. 6:19-0215-HMH, 2019 WL 7605892, at *3 (D.S.C. Dec. 6, 2019) (finding no prejudice to defendants where they had notice of claim and are represented by same counsel).

The Magistrate Judge does not make a recommendation as to dismissal for improper service. Without a showing of prejudice to Defendants, the Court declines to dismiss this complaint for ineffective service or service of process.

---

[4] As counsel for Dr. Johnson and Dr. Eden states, "Although no process returns or receipts appear to be on file with the Court, the undersigned will represent that both the summonses and complaints for Dr. Johnson and John Doe were served upon Prisma Health." (Dkt. No. 47-1 at n.2.)

**B.     Claim for Medical Malpractice**

Dr. Johnson and Dr. Eden next argue that the claim for medical malpractice by them must be dismissed because Plaintiff initiated this lawsuit after the statute of repose and the statute of limitations had each run out.[5] The South Carolina statute of repose provides that a medical malpractice claim must be brought within "six years from date of occurrence, or as tolled by this section." S.C. Code. Ann. § 15-3-545(A). The "occurrence" is "the time of an alleged negligent treatment, omission, or operation by a medical professional." *Marshall v. Dodds*, 789 S.E.2d 88, 92 (S.C. Ct. App. 2016).[6] The reference to "this section" provides a limited tolling provision that is applicable only to minors. *Id.* § 15-3-545(D).

A statute of repose "creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989). It therefore imposes "an absolute limit beyond which liability no longer exists and is not tolled for any reason, because to do so would upset the economic balance struck by the legislative body." *Id.* Accordingly, the "South

---

[5] Defendants make no argument for lack of personal jurisdiction despite citing Rule 12(b)(2), nor did the Magistrate Judge make a recommendation on that ground, so the Court does not consider it here.

Defendants also move to dismiss this claim because Plaintiff failed to append a medical expert's affidavit to the complaint. Plaintiff then asked the Magistrate Judge to appoint her an expert to assist with exactly that task, since she was at the time, and still remains, in prison. (Dkt. No. 90.) Indeed, Plaintiff has been incarcerated since May 6, 1998, save a few brief authorized absences for medical treatment, court appearances, and two funerals. *See* S.C.D.C. INCARCERATED INMATE SEARCH, *available at http://public.doc.state.sc.us/scdc-public/*, search "Kimmie" "Heaton" (last visited Feb. 10, 2020). The Magistrate Judge denied her motion to appoint an expert. (Dkt. No. 103.) That order had a dispositive effect on Plaintiff's medical malpractice claim, even though dispositive matters are to come before the District Judge. In light of this, the Court declines to consider whether this *pro se* incarcerated person's medical malpractice claim should be dismissed for lack of an expert affidavit and instead considers her claim only on its merits and in light of the applicable statute of repose.

[6] This represents a change in South Carolina law, which had previously found that the claim accrues when the plaintiff discovers the doctor's negligence, rather than when the negligent treatment took place. *See Johnson v. Pfifer*, 424 S.E.2d 532, 534 (S.C. Ct. Apps. 1992).

Carolina Supreme Court has previously found that equitable tolling of a statute of repose for medical malpractice suits was not available, even though the court had previously upheld tolling in similar situations involving statutes of limitations." *In re Building Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig*, MDL No. 8:11-mn-02000-JCM, No. 3:11-cv-2784-JMC, 2013 WL 1316562, at *4, n.2 (D.S.C. Mar. 27, 2013). The supreme court reasoned: "Inclusion of the phrase, 'or as tolled by this section,' in subsection (A) clearly indicates that the *only* tolling of § 15-3-545(A) intended by the legislature is that contained in subsection (D)." *Langley v. Pierce*, 438 S.E.2d 242, 243 (S.C. 1993).

There is no dispute that Plaintiff initiated this action more than six years after the alleged negligent diagnosis and operation. The Magistrate Judge recommends that this claim as to Defendants Johnson and Eden be dismissed as barred by the statute of repose. The Court adopts that recommendation. Because the claim is barred by the six-year statute of repose, the Court does not reach whether it is also barred by the three-year statute of limitations.

**B.     Claim for Violation of the South Carolina Tort Claims Act ("SCTCA")**

Dr. Johnson and Dr. Eden make no argument specific to this claim, other than to generally contend that the complaint in its entirety should be dismissed because it was filed "outside the applicable statute of limitations and statute of repose for medical malpractice actions." (Dkt. No. 47-1 at 7.) The SCTCA governs exceptions to waiver of immunity and is "the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." S.C. Code Ann. § 15-78-20(b). It provides: "The government entity is not liable for a loss resulting from responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner." *Id.* § 15-78-60(25).

Because the medical malpractice claim is barred by the statute of repose, the claim for violation of the South Carolina Tort Claims Act is also subject to dismissal. *See, e.g., Munn v. S.C.D.C.*, 2018 WL 2976739, at *8 (D.S.C. May 3, 2018) ("The Supreme Court subsequently held that because § 15-3-545 applies as an absolute outer limit in *any* medical malpractice action, the six-year statute of repose applies to actions against government entities under the SCTCA."); *Johnny Timpson, by and through his Conservator, Sandra Timpson, and Sandra Timpson in Her Individual Capacity v. McMaster, et al.*, No. 6:16-cv-1174-DCC, 2020 WL 548920, at *8 (D.S.C. Feb. 4, 2020) ("Therefore, the only way Plaintiff[] could have recovered on [her] SCTCA claims . . . was by proving that those defendants were grossly negligent."); *Kerr v. Richland Mem. Hosp.*, 678 S.E.2d 809, 810 (S.C. 2009) ("To permit this medical malpractice action to proceed beyond the statute of repose would be to disregard the Tort Claims Act[.]").

The Magistrate Judge does not make a recommendation as to this claim, and the Court finds that it is subject to dismissal.

**C.    Claims Brought Under 42 U.S.C. § 1983**

Plaintiff claims that Dr. Johnson and Dr. Eden used "excessive force" and showed "deliberate indifference" to a serious medical need, in violation of the Eighth Amendment. (Dkt. No. 15 at 7.) Defendants again make no argument specific to these § 1983 claims other than that the complaint should be dismissed as filed "outside the applicable statute of limitations and statute of repose for medical malpractice actions." (Dkt. No. 47-1 at 7.)[7]

The statute of limitations for a § 1983 claim is what the state provides for "personal-injury torts," not medical malpractice claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In

---

[7] In her objections to the R & R, Dr. Eden contends that she was not acting under color of state law because she is a private physician. (Dkt. No. 107 at 8.) Otherwise, neither Dr. Eden nor Dr. Johnson argue that the § 1983 claims should be dismissed for failing to state a claim upon which relief can be granted. The Court, therefore, does not conduct that analysis here.

South Carolina, the statute of limitations for personal injury claims is three years. S.C. Code. Ann. § 15-3-530(5). The three-years "begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." *True v. Monteith*, 489 S.E.2d 615, 616 (S.C. 1997). This means that the "injured party must act with some promptness where facts and circumstances of the injury would put a reasonable person of common knowledge and experience on notice that some right of his had been invaded or that some claim against another party might exist." *Garner v. Houck*, 435 S.E.2d 847, 849 (S.C. 1993). "The statute of limitations begins to from this point[.]" *Id.* The question is, therefore, when the circumstances of Plaintiff's hysterectomy would have put a reasonable person on notice that it was not necessary. She contends those circumstances did not present themselves until 2018, when she learned "purely by accident" that her hysterectomy was unnecessary after "she was told the facts of the complete sterilization by a SCDC employee" and then "sought her SCDC medical records . . . from Palmetto Health." (Dkt. No. 54 at 3.) Dr. Johnson and Dr. Eden argue that Plaintiff was on notice in 2004, because she was at that point aware of the fact that she was having the hysterectomy. (Dkt. No. 47-1 at 8.)

Relatedly, a statute of limitations, as opposed to a statute of repose, is a "procedural device that operates as a defense to limit the remedy available from an existing cause of action." *First United Methodist Church of Hyattsville*, 882 F.2d at 865. It is, therefore, subject to equitable tolling, which is a "discretionary doctrine that turns on the facts and circumstances of a particular case" and is generally applied when the plaintiff was prevented from asserting her claims due to wrongful conduct by a defendant, or if extraordinary circumstances beyond her control made it impossible to file the claims on time. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). A statute of limitations may be tolled for several reasons, including where the defendants fraudulently concealed the facts of the claim, which the plaintiff therefore failed to

discover within the statutory period despite exercising due diligence. *Supermarket of Marlinton v. Meadow Gold Dairies*, 71 F.3d 119, 122 (4th Cir. 1995). A statute of limitations may also be tolled if the claim accrues when the defendant is "out of the State," in which case the "action may be commenced . . . after the return of such person into this State." S.C. Code Ann. § 15-3-30.[8] Plaintiff argues that equitable tolling is warranted due to Defendants' "fraud, concealment, and/or misrepresentation of actual facts" including, as the complaint alleges, because Dr. Eden was "falsifying reports and documentation about Plaintiff's condition" at the time. (Dkt. No. 54 at 3, No. 15 at 23.)

At this pre-discovery stage of the proceedings, there is insufficient information to determine whether Plaintiff should have known prior to 2018, through reasonable diligence while incarcerated, that her hysterectomy was unnecessary or whether the statute of limitations for personal injury torts may be equitably tolled for an alternative reason. *See, e.g., Kinloch v. Myers*, 2017 WL 4276903, at *3 (D.S.C. Sept. 27, 2017) (declining to toll statute of limitations where there is "no evidence" of wrongdoing by defendants and "no evidence" that plaintiff was incapacitated). The Magistrate Judge recommends that the Court not dismiss the § 1983 claims as time barred, and the Court adopts that recommendation.

---

[8] Other jurisdictions within this Circuit also allow for tolling where the plaintiff is "incapacitated," and the Fourth Circuit has not yet ruled on whether that extends to incarceration. *See, e.g., Hughley v. Basham*, 2003 WL 24101521, at *3 (E.D. Va. Aug. 1, 2003) (holding that, without more guidance from the Fourth Circuit, the Virginia Code's incapacity tolling provision does not extend to incarcerated persons). The South Carolina Code provides an exception to a person who is "under disability" when the right accrued. S.C. Code Ann. §§ 15-3-40, 15-3-50. But "if the [ ] legislature intended to toll the statute of limitations for incarcerated individuals, it could have specifically done so, or at least indicated that incarceration is equivalent to incapacity." *Hughley*, 2003 WL 24101521, at *4.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART and DECLINES TO ADOPT IN PART** the R & R (Dkt. No. 103) as the order of the Court. The motion to dismiss by Dr. Johnson and Dr. Eden (Dkt. No. 47) and the renewed motion to dismiss by Dr. Eden (Dkt. No. 77) are each **GRANTED IN PART and DENIED IN PART**. Plaintiff's claims for medical malpractice and violation of the South Carolina Tort Claims Act by Dr. Johnson and Dr. Eden are dismissed. Plaintiff's claims brought under 42 U.S.C. § 1983 are not dismissed. This matter is referred to the Magistrate Judge for further pre-trial proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 13, 2020
Charleston, South Carolina