IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kimmie Heaton, | ) | Civil Action No. 2:19-0540-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Brian Stirling, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendant Patricia Carney's motion to reconsider. (Dkt. No. 116.) For the reasons set forth below, the motion is denied.

I. **Background**

Plaintiff Kimmie Heaton is an incarcerated person proceeding *pro se*. She alleges that, while incarcerated by the South Carolina Department of Corrections, she "saw Patricia Carney, M.D., in October of 2004. Plaintiff was informed and believes that Defendant Carney was under contract with Defendant Stirling and SCDC, by and through her employment with Palmetto Health Hospital. Defendant Carney performed an examination on the Plaintiff and informed her that she had endometriosis and recommended a total hysterectomy," which Carney then performed in December 2004. (Dkt. No. 15 at 9, 20.) Plaintiff further alleges that, in June 2018, she obtained her medical records and "discovered that she had been unnecessarily sterilized and that she had not had endometriosis or any other debilitating illness" requiring a hysterectomy. (*Id.* at 9.) Plaintiff initiated this lawsuit in March 2019. Plaintiff brings claims against Carney in her individual and official capacities for violation of Plaintiff's Fourteenth and Eighth Amendment rights, violation of S.C. Code Annotated § 15-78-60(25), and gross negligence, which is properly construed as a claim for medical malpractice. (*Id.* at 4-5, 7.)

## II. Legal Standard

Rule 59 of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within twenty-eight days. Fed. R. Civ. P. 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may grant a motion to reconsider "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

"Rule 59(e) motions may not be used [ ] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* A Rule 59(e) motion tests whether the Court's initial Order was "factually supported and legally justified." *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). In other words, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." *Harwley v. Comm'r of Soc. Sec. Admin.*, 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Accordingly, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

## III. Discussion

Carney argues that the Court should reconsider its prior order (Dkt. No. 110) as it related to Plaintiffs' claims under 42 U.S.C. § 1983 for use of excessive force and deliberate indifference to a serious medical condition. Carney moved to dismiss the amended complaint in its entirety because South Carolina's six-year statute of repose for medical malpractice claims, which had run,

"applies to all actions arising out of medical, surgical, or dental treatment, including those arising under the South Carolina Tort Claims Act or 42 U.S.C. § 1983." (Dkt. No. 51-1 at 4, emphasis supplied.) To substantiate this argument, Carney cited to a United States Supreme Court case for the proposition that, in Carney's words, "the forum state's *personal injury statute of limitations* applies to Section 1983 claims." (*Id.*, emphasis supplied.) Indeed, *Wilson v. Garcia* does hold that all § 1983 claims are properly characterized as personal injury actions, and therefore that New Mexico's three-year statute of limitations for personal injury claims applied. 471 U.S. 261 (1985).

It is well settled that a statute of repose and a statute of limitations are neither the same nor analogous: a statute of repose imposes a substantive right that cannot be equitably tolled, whereas a statute of limitations is a procedural mechanism that may be equitably tolled. Therefore, Carney appeared to argue that the claims for medical malpractice and violation of the South Carolina Tort Claims Act were barred by the six-year statute of repose, whereas a constitutional tort claim may be barred by a personal injury statute of limitations. But because Carney offered no argument as to when South Carolina's three-year statute of limitations began to run for Plaintiff, or that it should not be equitably tolled, the Court did not conduct that analysis. (Dkt. No. 110 at n.1.) Nor did the Magistrate Judge make a recommendation to the Court as to the statute of repose argument, including how it applies the § 1983 claims. Carney did not file any objection to the R & R, and where there are no objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

Carney now argues that the § 1983 claims should have been dismissed as barred by the statute of repose. The statute of repose applies to "Actions for medical malpractice" and provides:

> In any action, other than actions controlled by subsection (B) [health care provider inadvertently leaving foreign object in body], to recover damages for injury to the person arising out of any medical, surgical, or dental treatment, omission, or operation by a licensed health care provider . . . acting within the scope of his profession must be commenced within three years from the date of treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence, or as tolled by this section [for minors only].

S.C. Code Ann. § 15-3-545(A).

The statute of repose for medical malpractice claims also applies to claims for violation of the South Carolina Tort Claims Act. *See Munn v. S.C.D.C.*, No. 8:17-cv-2191-JDA, 2018 WL 2976739, at *8 (D.S.C. May 3, 2018); *Kerr v. Richland Mem. Hosp.*, 678 S.E.2d 809, 810 (S.C. 2009). But there is no authority to support Carney's general contention that the statute of repose also applies to claims "arising under" § 1983, nor does Carney point the Court to any such authority. Rather, courts conduct the statute of repose analysis only as it relates to a medical malpractice claim, reflecting that constitutional torts are distinct as subject to the state's personal injury statute of limitations. *See, e.g., Fuewell v. Thompson*, No. 2013 WL 6911212, at *5 (D.S.C. Oct. 31, 2013). In light of this, Carney has not demonstrated that the Court's prior holding was a clear error of law, lacking factual support and legal justification. Nor has she raised any intervening change in controlling law or new evidence. Instead, she relies on the unsubstantiated arguments that could have been raised on her motion to dismiss. As a result, the Rule 59(e) standard for reconsideration is not satisfied and her motion is denied.

### IV. Conclusion

For the foregoing reasons, Patricia Carney's motion to reconsider (Dkt. No. 116) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

February 18, 2020
Charleston, South Carolina