IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kimmie Heaton, | ) | Civil Action No. 2:19-0540-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Brian Stirling, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 127) that the motion for summary judgment brought by Defendants Ezike, Hawthorne, Marshall, McRee and Stirling (the "Stirling Defendants") be granted. For the reasons set forth below, the Court adopts in part the R & R as the order of the Court. The Stirling Defendants' motion for summary judgment is granted in part and denied in part.

**I.     Background**

Plaintiff Kimmie Heaton is an incarcerated person proceeding *pro se*. She alleges that, while incarcerated by the South Carolina Department of Corrections ("SCDC"), Defendant Dr. Patricia Carney of the Camille Graham Correctional Gynecology Clinic diagnosed her with endometriosis in mid-2004 and performed a total hysterectomy in December 2004. (Dkt. No. 15 at 9, 20.) Plaintiff further alleges that, in June 2018, she obtained her medical records and "discovered that she had been unnecessarily sterilized and that she had not had endometriosis or any other debilitating illness" requiring a hysterectomy. (*Id*. at 9.) Plaintiff initiated this lawsuit in March 2019. She brings claims for violation of the Fourteenth Amendment, Eighth

-1-

Amendment, Equal Protection Clause, Due Process Clause, violation of the South Carolina Tort Claims Act, and "gross negligence."[1]. (*Id*. at 4-5, 7.)

As to Defendant Ezike, a healthcare administrator at Camille Graham Correctional Institution whom Plaintiff sues in his individual and official capacities, Plaintiff alleges that he, *inter alia*, willfully and recklessly failed to provide time sensitive medical care appointments, failed to obtain complete medical records from prior healthcare providers, refused to investigate Plaintiff's medical history, failed to ensure proper job training, and failed to allow contracted representatives for gynecological services without investing their competency. (*Id*. at 2-3, 11-13.) As to Defendant Hawthorne, a healthcare administrator at Leath Correctional Institution whom Plaintiff sues in her individual and official capacities, Plaintiff alleges that she, *inter alia*, willfully and recklessly failed to verify medical information, failed to obtain complete medical records, failed to ensure it was given to doctors, and allowed the unnecessary sterilization to be performed without a confirming diagnosis. (*Id*. at 3, 6, 14-15.) As to Defendant Marshall, an SCDC director of health services whom Plaintiff sues in in his individual and official capacities,

---

[1] As to the healthcare provider defendants, the claim for gross negligence is appropriately construed as a claim for medical malpractice.

Plaintiff contends that "[w]hile a portion of Plaintiff's allegations against these defendants may sound like medical malpractice in nature, they are merely stating the facts of this case." (Dkt. No. 54 at 6.)

In South Carolina, medical malpractice is "doing that which the reasonably prudent health care provider or health care institution would not do or not doing that which the reasonably prudent health care provider or health care institution would do in the same or similar circumstances." S.C. Code Ann. § 15-79-110(6). "Medical malpractice is a category of negligence, and, therefore, 'the distinction between medical malpractice and negligence claims is subtle; there is no rigid analytical line separating the two causes of action.'" *Williams v. Quest Diagnostics, Inc.*, 353 F. Supp. 3d 432, 440 (D.S.C. 2018) (quoting *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176 (S.C. 2014)). "Rather, differentiating between the two types of claims depends heavily on the facts of each individual case." *Dawkins*, 408 S.C. at 176. The facts of this case indicate that the claim styled as "gross negligence" is properly construed as a medical malpractice claim.

Plaintiff alleges that he, *inter alia*, willfully and recklessly failed to fill the staff with competent medical professionals, failed to address medical issues specific to the female inmate population, allowed billing documents to be forged, and allowed the unnecessarily sterilization. (*Id*. at 4, 6, 17-19.)  As to Defendant McRee, the SCDC chief medical practitioner whom Plaintiff sues in his individual and official capacities, Plaintiff alleges that he, *inter alia*, willfully and recklessly approved the complete sterilization without a confirming diagnosis, failed to investigate whether sterilization was the most appropriate choice for the diagnosis, and failed to inform Plaintiff of the true outcome of sterilization. (*Id*. at 3, 16-17.)  As to Defendant Stirling, director of SCDC whom Plaintiff sues in his individual and official capacities, Plaintiff alleges that he, *inter alia*, willfully and recklessly allowed extreme medical understaffing for the female inmate population, failed to establish policies requiring current diagnostic testing before procedures, and allowed the unnecessary sterilization. (*Id*. at 2, 10-11.)

## II.     **Legal Standard**

### A.     **Review of R & R**

The Magistrate Judge makes only a recommendation to this Court, which has no presumptive weight because the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.   Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see*

*also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment should therefore be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-movant must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. For this showing, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**III.     Discussion**

The Court finds that the Magistrate Judge ably discussed the issues and appropriately concluded that the Stirling Defendants' motion should be granted, except as to the access to courts claim, the equal protection claim, the deliberate indifference claim, and the negligence claim. First, all claims against the Stirling Defendants in their official capacities are dismissed with prejudice. "State officials may only be sued in their individual capacities," *Rhoden v.*

*S.C.D.C.*, No. 4:17-cv-2537-HMH-TER, 2017 WL 9288217, at *3 (D.S.C. Oct 4, 2017), and these persons are state officials because "SCDC is an arm of the State of South Carolina," *Abebe v. SCDC*, No. 0:09-cv-3111-MBS-PJ, 2010 WL 2991595, at *2 (D.S.C. July 2, 2010).

Second, the claims for deliberate indifference, excessive force, and cruel and unusual punishment brought under 42 U.S.C. § 1983 against Defendants Ezike, Hawthorne, Marshall and Stirling are dismissed with prejudice. "The law is clear that personal participation of a defendant is a necessary element of a Section 1983 claim against government officials in their individual capacities." *Blessing v. Scaturo*, No. 6:16-cv-BHH-KFM, 2017 WL 3575734, at *9 (D.S.C. July 28, 2017). "In order for an individual to be liable under Section 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights [and the defendant] must have personal knowledge of and involvement in the alleged deprivation of [the plaintiff's] rights." *Id*. These defendants were not SCDC employees in 2004 (Dkt. No. 67-2), which Plaintiff does not dispute (Dkt. No. 101 at 16). These § 1983 claims as to these Defendants are dismissed for this reason.

Third, the Court adopts the Magistrate Judge's conclusion that the § 1983 claims against these Defendants should not be dismissed as barred by the three-year statute of limitations because the discovery rule is at issue. Relatedly, Plaintiff's access to courts claim brought against Defendants Ezike, Hawthorne, Marshall and Stirling is not dismissed because these Defendants make no argument for dismissal and because the statute of limitations may have been equitably tolled. *See Bounds v. Smith*, 430 U.S. 817, 825 (1977) (noting that inmates are entitled to "a reasonably adequate opportunity to present claimed violations f fundamental constitutional rights to the courts").

Fourth, Plaintiff's claims for violation of the equal protection clause by Defendants Marshall and Stirling also survive summary judgment. "To state a claim under 42 U.S.C. § 1983

-5-

for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In this pre-discovery phrase of the litigation, there remain disputes of material fact as to whether Plaintiff has made this threshold showing relating to her status as a female inmate.

Next, Plaintiff's medical malpractice claim is dismissed with prejudice as barred by the statue of repose. In South Carolina, a medical malpractice claim must be brought within "six years from date of occurrence, or as tolled by this section." S.C. Code. Ann. § 15-3-545(A). The "occurrence" is "the time of an alleged negligent treatment, omission, or operation by a medical professional." *Marshall v. Dodds*, 789 S.E.2d 88, 92 (S.C. Ct. App. 2016).[2] The reference to "this section" provides a limited tolling provision that is applicable only to minors. *Id*. § 15-3-545(D). It is undisputed that Plaintiff brought her claim more than six years after the hysterectomy, and the statute of repose cannot be equitably tolled because it imposes "an absolute limit beyond which liability no longer exists and is not tolled for any reason, because to do so would upset the economic balance struck by the legislative body. *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989); *see also Langley v. Pierce*, 438 S.E.2d 242, 243 (S.C. 1993) ("Inclusion of the phrase, 'or as tolled by this section,' in subsection (A) clearly indicates that the *only* tolling of § 15-3-545(A) intended by the legislature is that contained in subsection (D).").

Next, affording the complaint an appropriately liberal construction due for a *pro se* litigant, it appears to allege a negligence claim against Defendants Ezike, Hawthorne and Marshall for prohibiting Plaintiff from reviewing her medical records and otherwise concealing

---

[2] This represents a change in South Carolina law, which had previously found that the claim accrues when the plaintiff discovers the doctor's negligence, rather than when the negligent treatment took place. *See Johnson v. Pfifer*, 424 S.E.2d 532, 534 (S.C. Ct. Apps. 1992).

the true facts underlying the hysterectomy, resulting in her not bringing suit until 2019. To state a claim for negligence, a plaintiff must allege that the defendant owed her a duty of care, which the defendant breached by act or omission, that the breach was the actual and proximate cause of an injury or damages. *Andrade v. Johnson*, 588 S.E.2d 588, 592 (S.C. 2003). The Court finds that there remain disputes of material fact relevant to this allegation, including whether S.C.D.C. Policy HS 18-07 applies and provides the basis for a duty of care to supply an inmate with her medical records without request. For that reason, summary judgment as to this claim is denied.

As to Defendant McRee, the Court adopts the Magistrate Judge's recommendation that the claims brought under § 1983 are not barred by the statute of limitations, as discussed as to the other defendants. The Court finds that the record reflects disputes of material fact relating to McRee's involvement in Plaintiff's medical treatment during and after 2004 relating to the hysterectomy, such that McRee was deliberately indifferent to her serious medical need or condition. (Dkt. No. 101 at 18-21, No. 101-1 at 11-23.)

The Court also finds, as the Magistrate Judge concluded, that Plaintiff's claims for use of excessive force and violation of the Equal Protection Clause by McRee should be dismissed. "The core judicial inquiry regarding the subjective component of an excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Iko v. Sheve*, 535 F.3d 225, 239 (4th Cir. 2008). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren*, 152 F.3d at 1194. Taking the facts asserted and their reasonable inferences in light most favorable to Plaintiff, the record does not support finding that McRee acted maliciously and sadistically to cause harm, nor that he set out

to discriminate against Plaintiff as a female inmate. Similarly, Plaintiff's claim for medical malpractice by McRee is barred by the statue of repose, as discussed above.

Last, the Court adopts the Magistrate Judge's recommendation that Plaintiff's action *not* designated a strike pursuant to 28 U.S.C. § 1915(g).

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** the R&R (Dkt. No. 127) as the order of the Court. The Court declines to adopt the R&R's discussion of Defendants Ezike, Hawthorne and Marshall's liability under the South Carolina Tort Claims Act. The R&R is otherwise adopted in full.

The Stirling Defendants' motion for summary judgment (Dkt. No. 67) is **GRANTED IN PART and DENIED IN PART**. The motion is denied as to Plaintiff's § 1983 access to courts claim against Defendants Ezike, Hawthorne and Marshall; denied as to Plaintiff's § 1983 equal protection claim against Defendants Marshall and Stirling; denied as to Plaintiff's § 1983 deliberate indifference claim against Defendant McRee; and denied as to Plaintiff's negligence claim against Defendants Ezike, Hawthorne and Marshall. The motion is otherwise granted. This matter is referred back to the Magistrate Judge for further pre-trial proceedings.

**AND IT IS SO ORDERED.**

       _s/ Richard Mark Gergel_
       Richard Mark Gergel
       United States District Judge

April 22, 2020
Charleston, South Carolina